UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE WHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>H & M HENNES & MAURITZ, L.P.,<br><br>    Defendant. | Case No. CV-14-1483-MMM-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF THE PARTIES** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the Parties' Stipulation and Proposed Protective Order ("Stipulation") filed on September 3, 2014, the terms of the protective order to which the Parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 4(g), 7, 9, 10 (deletion), 14, and 15 of the Stipulation and the addition of paragraphs 10 and 18 of this Protective Order.

The Parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the Parties, does not, in and of itself, create any entitlement

to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the Parties' designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by the Parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Parties' mere designation of any information, document, or thing as Confidential, Confidential – Attorneys' Eyes Only, or other designation(s) used by Parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE MARGARET M. MORROW, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

### AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. Any documents produced or otherwise disclosed by a Party during pretrial discovery in this action which are, in good faith, determined by the producing Party to contain confidential or proprietary information, including, but not limited to, financial information, trade secrets, personnel, medical and payroll information, or other similarly protected non-public information, may be designated as confidential, and so marked by stamping each page of the document

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

"Confidential."

2. When used in this Protective Order, the word "documents" means all written, recorded or graphic matter however created and whatever the medium on which they were produced or reproduced, including, but not limited to, documents produced by agreement and deposition transcripts and exhibits.

3. All Confidential documents and all information contained therein, shall be used by the Party to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically agreed upon in writing by counsel for both Parties.

4. Except with prior written consent of the Party asserting that a document is entitled to confidential treatment, Confidential documents and the information contained therein may be disclosed only to the following persons:

   a) The Parties to this litigation;

   b) Counsel and their employees for the respective Parties to this litigation. Counsel shall be responsible for ensuring that his or her partners, associates, and employees who are involved in the representation of a Party in this case, and/or who have access to discovery in this case, are informed of the terms of this Order and agree to abide by said terms.

   c) Judges and personnel of the District Court for the Central District of California;

   d) Employees, officers and directors of the respective Parties whose review of any such information shown to them is required for the conduct of the litigation;

   e) Jury consultants, graphic vendors, and independent experts and/or consultants of any Party to this litigation who have been retained to perform work for counsel in connection with this litigation;

  f) Persons whose names appear on the documents or information being disclosed as authors or recipients thereof or who are otherwise shown to have authored, prepared, or previously received the information in any form;

  g) Such other persons as hereafter may be designated by written agreement between the Parties to this Protective Order, by consent of the designating Party, by order of the Court upon noticed motion **filed by a Party or third party, or sua sponte order of the Court**; and

  h) Members of the Jury.

 5. In connection with discovery proceedings in this action, the Parties or any third party may also designate any document, thing, material or testimony or other information derived therefrom, as "Confidential - Attorneys' Eyes Only" under the terms of this Order. Confidential - Attorneys' Eyes Only information includes confidential, competitive, and/or proprietary information of a Party. The Parties may designate material Confidential - Attorneys' Eyes Only in the same manner in which they would designate the material Confidential under this Protective Order.

 6. Material designated Confidential - Attorneys' Eyes Only under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from the material designated as Confidential - Attorneys' Eyes Only shall only be used for the prosecution, defense, or settlement of this action and for no other purpose.

 7. **Absent subsequent written agreement of the Parties or further court order,** Confidential - Attorneys' Eyes Only Material may only be disclosed to or viewed by counsel for a Party (including the paralegal, clerical and secretarial staff employed by such counsel). Confidential - Attorneys' Eyes Only Material shall not be disclosed to the Parties.

8. Any part of testimony taken at deposition or the deposition as a whole may be designated as Confidential or Confidential - Attorneys' Eyes Only by making a statement to that effect on the record at the deposition or by notifying the other Party and the Court Reporter of such designation within ten (10) calendar days of the conclusion of the deposition. Arrangements shall be made with the Court Reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as Confidential or Confidential - Attorneys' Eyes Only, and to label such portions appropriately.

9. Documents designated Confidential or Confidential – Attorneys' Eyes Only, and information derived therefrom may be referred to in discovery responses and requests, motions, **depositions, and, subject to the limitations described in paragraph 10,** briefs and other papers **filed with the Court**.

**10. If any Party wishes to include any documents or information designated Confidential or Confidential – Attorneys' Eyes Only in any papers filed with the Court, the Party shall file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Rules 5.2(d) and 26(c) of the Federal Rules of Civil Procedure.**

11. Nothing in this Protective Order nor the production of any information under its terms, nor any proceeding undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any Party of, or otherwise be deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Protective Order operate as an admission as to the admissibility of any information.

12. The Parties shall confer in good faith prior to trial in order to devise protective procedures to be applicable at trial that are satisfactory to the Court.

13. This Protective Order is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any material designated as Confidential or Confidential – Attorneys' Eyes Only or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modifications to this Stipulation or for any order permitting disclosure of Confidential or Confidential – Attorneys' Eyes Only material beyond the terms of this Protective Order.

14. Inadvertent production by a Party of Confidential or Confidential – Attorneys' Eyes Only material without proper designation at the time of disclosure shall not be deemed a waiver of any claim of confidentiality as to such matter. The Party seeking protection of the Confidential or Confidential – Attorneys' Eyes Only material shall properly designate or re-designate the Confidential or Confidential – Attorneys' Eyes Only material by written notice to the other Party within ten (10) days of the production or within ten (10) days of learning of the inadvertent production, whichever is later.

15. At the conclusion of the litigation of this action, or upon settlement or dismissal, documents designated as Confidential or Confidential – Attorneys' Eyes Only, and all copies of such documents (other than exhibits of record) shall be destroyed or returned to the producing Party to preserve the confidentiality of the Confidential or Confidential – Attorneys' Eyes Only documents. Nothing in this Protective Order shall prevent any Party to this action from moving the Court to remove the Confidential or Confidential – Attorneys' Eyes Only designation from a particular document, from seeking modification of this Protective Order, from designating already-produced documents as Confidential or Confidential – Attorneys' Eyes Only, or from objecting to discovery which a Party believes to be otherwise improper.

Within a **ninety (90) days** following conclusion of the litigation, settlement or dismissal, the attorneys of record shall assemble work product materials which make reference to any such Confidential or Confidential – Attorneys' Eyes Only documents and either destroy such materials or excise and destroy the portions thereof containing or referring to the Confidential or Confidential – Attorneys' Eyes Only documents; or, alternatively, retain such materials in a manner that will preserve the confidentiality of the Confidential or Confidential – Attorneys' Eyes Only documents.

16. If any documents, information, or testimony are designated as Confidential or Confidential – Attorneys' Eyes Only by a disclosing Party, but are not believed to be Confidential or Confidential – Attorneys' Eyes Only by the Party receiving them, the receiving Party shall so notify the disclosing Party within twenty-one (21) days of the production and request a written release from the confidential treatment hereunder. If such written release is not forthcoming within ten (10) business days thereafter, the receiving Party may move the Court for an order requiring the release of confidential treatment. Prior to making such a motion, the receiving Party shall contact the disclosing Party, and the Parties shall confer in good faith in an effort to resolve the dispute.

**The burden of establishing that documents, information, or testimony have been properly designated as Confidential or Confidential – Attorneys' Eyes Only shall be upon the disclosing/designating Party at all times.** The information shall continue to be treated as Confidential or Confidential – Attorneys' Eyes Only under this Protective Order unless and until the Court rules otherwise.

17. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as Confidential or

Confidential – Attorneys' Eyes Only.

18. **Nothing in this Protective Order should be construed as authorizing a receiving Party in this action to disobey a lawful directive from another court**.

IT IS SO ORDERED:

Dated: September 17, 2014       _____
                                MARGARET A. NAGLE
                                UNITED STATES MAGISTRATE JUDGE